1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT
11                   CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| TAWNY GONZALEZ, an individual, SANDRA ESCOBEDO, as Guardian ad Litem for J.L.G., a minor, and T.J.G., a minor,<br><br>    Plaintiff(s),<br>vs.<br><br>COUNTY OF SANTA BARBARA, SANTA BARBARA COUNTY SHERIFF'S OFFICE, SANTA BARBARA COUNTY SHERIFF'S SERGEANT RICHARD SOTO, SANTA BARBARA COUNTY SHERIFF'S DEPUTY JOHN HEIL; SANTA BARBARA COUNTY SHERIFF'S DEPUTY MICHAEL REYNOSO, SANTA BARBARA COUNTY SHERIFF'S DEPUTY DAVID VANDERPOL, SANTA BARBARA COUNTY SHERIFF'S CUSTODY SERGEANT JEFFREY KOELLER, SANTA BARBARA COUNTY SHERIFF'S CUSTODY DEPUTY IAN UR, SANTA BARBARA COUNTY SHERIFF'S CUSTODY DEPUTY JOSE ALEJO, and DOES 1 TO 20,<br><br>    Defendant(s) | Case No. 2:24-cv-01926-AB-MAR<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION TO JOIN HEIR PURSUANT TO RULE 19** |

1

[PROPOSED] ORDER ON DEFENDANT'S MOTION TO JOIN HEIR

Before the Court is Defendants' Motion to Join Jamie Angel Gonzalez, Jr., the first-born son and heir of Decedent Jamie Angel Gonzalez ("Decedent"), as a party to this action under Federal Rule of Civil Procedure, Rule 19, defendants' motion was brought on the following grounds: Jamie Angel Gonzalez, Jr., is the biological son of Decedent as identified in amended interrogatory response and under Cal. Civ. P. Code §§ 377.60-377.62, as all known heirs to Decedent's estate must be joined in one action. Furthermore, Defendants argue that Federal Rules of Civil Procedure, Rule 19, requires joinder if the omitted party is a necessary party whose absence prevents the Court from providing complete relief among the existing parties.

For the foregoing reasons, the Court **GRANTS** the Motion to Join Decedent's known Heir, Jamie Angel Gonzalez, Jr.

## I. BACKGROUND

Plaintiffs TAWNY GONZALEZ, an individual, and J.L.G., a minor, and T.J.G., a minor, by and through their Guardian ad Litem SANDRA ESCOBEDO ("Plaintiffs") filed a complaint against these Defendants on March 8, 2024. (ECF No. 1.) The current operative complaint, the first amended complaint, alleges eight (8) causes of action, including state law claims of negligence, failure to summon medical care, and wrongful death. (ECF No. 66.)

On July 29, 2025, Plaintiff provided an amended response to Interrogatory No. 2., which identified that a third child of Decedent is known to plaintiffs, "Jamie Angel Gonzalez, Jr., (DOB 4/2/2011, fourteen years old) who lives with mother Stephanie Rodriguez in Visalia, California." (Declaration of Christopher J. Clark, ("Clark Decl.") Exhibit A.) On July 30, 2025, Counsel for Defendants requested Plaintiffs' counsel to Join Decedent's third son as a necessary party to this action based upon the July 29, 2025, amended response. (Clark Decl., Exhibit B.) On July 30, 2025, Counsel for Plaintiffs responded to this request as, "I can't make someone be a party to a lawsuit if they don't want to be a party." (Clark Decl., Exhibit C.) On September 8, 2025, Defendants respectfully requested that Plaintiffs join Jamie

Angel Gonzalez, Jr. in this action. (Clark Decl., Exhibit D.) On September 8, 2025, Plaintiffs' counsel responded to September 8, 2025, request, in an e-mail, stating, amongst other things, "I cannot force someone to be a plaintiff if they do not want to be one. I hope to have something definitive for you shortly." (Clark Decl., Exhibit E.) On September 17, 2025, Defendants, after not hearing from Plaintiffs' counsel, informed Plaintiffs' counsel that sufficient time has been afforded to Plaintiffs to join necessary parties in this case, and if it could not be informally resolved, Defendants would file a Joinder Motion, as is their right under the Federal Rules of Civil Procedure, Rule 19. (Clark Decl., Exhibit F.)

On September 19, 2025, Defendants received a response from Plaintiffs' September 17, 2025, e-mail stating, amongst other things, that "I will let you know shortly regarding the position of the additional heir's GAL." (Clark Decl., Exhibit G.) However, as of the filing of this motion, Defendants have not received any information regarding whether Plaintiffs will voluntarily join the third heir in this case. (Clark Decl.)

**II. DISCUSSION**

**A.    Federal Rules of Civil Procedure Rule 19 permits this Court to join all known heirs of Decedent's Estate**

Federal Rules of Civil Procedure, Rule 19, has a three-party consideration for joining parties to actions: First, the Court must determine whether a nonparty should be joined under Rule 19(a). That nonparty (or "absentee") is now referred to as a "person required to be joined if feasible." If an absentee meets the requirements of Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined. Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must be dismissed. *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010).

/ / /

[PROPOSED] ORDER ON DEFENDANT'S MOTION TO JOIN HEIR

Necessary parties are governed by Rule 19(a), which states that a party who will not deprive the court of subject matter jurisdiction must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Under Rule 19, the Court may require joinder of new or additional parties where, in the party's absence, the court cannot accord complete relief among existing parties. Rule 19 "permits the joinder of third parties whose absence would prevent the court from granting such relief as is necessary to adjudicate the rights of existing parties." *Benjamin v. Malcolm*, 629 F.Supp 713 (S.D.N.Y. 1986), aff'd, 803 F.2d 46, 53 (2d Cir. 1986). Furthermore, Federal Rule of Civil Procedure, Rule 21, allows this court to add a necessary party under Rule 19, at any time.

Therefore, this Court has the requisite authority, under the rules of civil procedure, join all of Decedent's heirs into this action.

**B.   California's wrongful death law provides a basis for this court to grant Defendants' joinder motion.**

Under California law, a cause of action for wrongful death is a statutory claim. Cal. Civ. P. Code §§ 377.60-377.62. Only the persons enumerated in § 377.60 have standing to assert a wrongful death claim. Section 377.60 provides in part that [a] cause of action for the death of a person caused by the wrongful act or neglect of

another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons . . . who would be entitled to the property of the decedent by intestate succession. Cal. Civ. P. Code § 377.60(a). *Ruttenberg v. Ruttenberg*, 53 Cal.App.4th 801, 808, 62 Cal. Rptr.2d 78 (1997).

Conclusion.

"The wrongful death statute has been interpreted to authorize only a single action, in which all the decedent's heirs must join." *Romero v. Pac. Gas & Elec. Co.*, 156 Cal.App.4th 211, 216 (2007) (quoting *Gonzales v. Southern California Edison Co.*, 77 Cal.App.4th 485, 489 (1999). The California Supreme Court has construed the statute to provide each heir with a personal and separate cause of action. *Cross v. Pac. Gas & Elec. Co.*, 60 Cal.2d 690, 692, 388 P.2d 353 (1964). When a wrongful death action is brought, all heirs should join, or be joined in the action. *Id*. at 694.

A wrongful death cause of action is considered joint and indivisible because "it is subject to the requirement that all heirs should join in the action and . . . damages awarded should be in a lump sum," and because it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages. *Helling v. Lew*, 28 Cal. App. 3d 434, 438, 104 Cal. Rptr. 789 (1972). **An heir who files a wrongful death action is required to properly join all known heirs in the action.** *Cross v. Pacific Gas & Elec. Co.*, 60 Cal. 2d 690, 692-93, 36 Cal. Rptr. 321, 388 P.2d 353 (1964); *Ruttenberg*, 53 Cal. App. 4th at 808.

An heir who has not been included in an action cannot bring a subsequent suit unless the tortfeasor has knowledge of the existence of the heir prior to resolution of the action. *Romero*, 156 Cal.App.4th at 216. "[W]hen the defendant in a pending action has actual knowledge of the existence, identity and status of an omitted heir and fails to have said omitted heir made a party to the action, a settlement and dismissal with prejudice of the pending action will not bar a subsequent action by the

omitted heir against the defendant." *Id.* at 217. California law provides that if the consent of an individual who should be joined as a plaintiff cannot be obtained, he can be made a Defendant. Cal. Code Civ. P. §382.

Jamie Angel Gonzalez, Jr., is a person with standing to bring a wrongful death claim. California allows only one action for wrongful death in which all of the heirs are named. And, without joining all of the heirs, specifically Jamie Angel Gonzalez, Jr., Defendants may be subjected to a subsequent lawsuit. Thus, Jamie Angel Gonzalez, Jr., is a necessary party and necessary parties may be added at any time. Plaintiffs must name Jamie Angel Gonzalez, Jr., as a party so that all of the parties can have their rights and obligations fully and finally adjudicated.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Join Decedent's Heir is **GRANTED**.

**IT IS SO ORDERED.**

Dated: November ____, 2025

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE