Erin Darling, State Bar No. 259724
Erin@ErinDarlingLaw.com
LAW OFFICES OF ERIN DARLING
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiffs, Tawny Gonzalez, Sandra Escobedo, as Guardian ad Litem for J.L.G., a minor, and T.J.G., a minor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAWNY GONZALEZ, an individual, SANDRA ESCOBEDO, as Guardian ad Litem for J.L.G., a minor, and T.J.G., a minor<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA, SANTA BARBARA COUNTY SHERIFF'S OFFICE, SANTA BARBARA COUNTY SHERRIF'S SERGEANT RICHARD SOTO, SANTA BARBARA COUNTY SHERRIF'S DEPUTY JOHN HEIL; SANTA BARBARA COUNTY SHERRIF'S DEPUTY MICHAEL REYNOSO, SANTA BARBARA COUNTY SHERRIF'S DEPUTY DAVID VANDERPOL, SANTA BARBARA COUNTY SHERRIF'S CUSTODY SERGEANT JEFFREY KOELLER, SANTA BARBARA COUNTY SHERRIF'S CUSTODY DEPUTY IAN UR, SANTA BARBARA COUNTY SHERRIF'S CUSTODY DEPUTY JOSE ALEJO, and DOES 1 TO 20,<br><br>Defendants. | Case No. 2:24-cv-01926-AB-MAR<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO JOIN HEIR PURSUANT TO RULE 19**<br><br>**Hearing Date:** November 7, 2024<br>**Hearing Time:** 10:00 a.m.<br>**Courtroom:** 7B<br>**Judge:** Hon. Andre Birotte Jr. |

## I. INTRODUCTION

Despite a stipulated judgment to settle a civil rights class action brought by Disability Rights California (see *Murray v. County of Santa Barbara*, C. D. Cal. Case No. 2:17-cv-8805-GW, Dkt. No. 75-1), and multiple Grand Jury reports, the County of Santa Barbara again failed to provide timely urgent substance abuse and mental care in its jails. As a result, Decedent Jaime Angel Gonzalez died in Santa Barbara County Sheriff's custody. This case followed. Plaintiffs are Mr. Gonzalez's wife and the two children from that marriage. As it happens, Mr. Gonzalez had a third child, out of wedlock. However, the mother of that minor child does not want her child to take part in this civil lawsuit. Defendants seize upon grief and family complexity and make a play for unnecessary procedural delay.

Defendants' joinder motion is confusing as to its goal, asking for, *inter alia*, "identify all heirs of Decedent and join Jamie Angle Gonzalez Jr." *See* Dkt. No. 71 at 7. The third heir has been identified in discovery: Jamie Angel Gonzalez Jr., the (approximately) 14-year-old son of Decedent and Stephanie Rodriguez. However, Ms. Rodriguez has declined to join this lawsuit as a plaintiff. Plaintiff's counsel has called and texted Ms. Rodriguez and heard no response. Plaintiffs' counsel emailed Stephanie Rodriguez on July 29, 2025, and on September 9, 2025, and received no response. On October 7, 2025, plaintiff Tawny Gonzalez spoke to Ms. Rodriguez about the lawsuit and that same day Plaintiffs' counsel emailed Ms. Rodriguez again but received no response. Ms. Gonzalez followed up with Ms. Rodriguez via text message. On October 15, 2025, the two exchanged texts. Ms. Rodriguez finally responded to the request to join this lawsuit, writing: "Okay I'm go ahead and not move forward with the lawyer stuff I wish you all the best with it. But I'm let it rest with Angel. I just need to go with my gut and I don't want to go back and open that door." *See* Declaration of Tawny Gonzalez, ¶ 3, Exhibit A.

Ms. Rodriguez's decision to not join this lawsuit comes after the statute of limitations has run. The incident leading to Mr. Gonzalez's death occurred on December 28, 2022, and thus the six-month statute of limitations for state claims (Cal. Gov. Code § 910) and two-year limit for 42 U.S.C. § 1983 claims (42 U.S.C. § 1983) have both passed.

2

## II. LEGAL STANDARD

A Rule 19 motion poses "three successive inquiries." *EEOC v. Peabody W. Coal Co.*, (*Peabody I*), 400 F.3d. 774, 779 (9th Cir. 2005). "We first determine whether an absent party is a required party; then whether joinder is feasible; and finally whether the case can fairly proceed in the party's absence." *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 996 (9th Cir. 2020).

"First, the court must determine whether a nonparty should be joined under Rule 19(a)." *EEOC v. Peabody W. Coal Co.*, (*Peabody II*), 610 F.3d 1070, 1078 (9th Cir. 2010)(internal citations omitted). A nonparty is "necessary" if joinder is "desirable" in the interest of just adjudication. Fed. R. Civ. P. 19(a). *EEOC v. Peabody W. Coal Co.*, (*Peabody I*), 400 F.3d 774, 779 (9th Cir. 2005). "There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a)…The determination is heavily influenced by the facts and circumstances of each case." *N. Alaska Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986). Only if that absentee nonparty meets the requirements of Rule 19(a) and is deemed necessary, "the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Peabody I*, 400 F.3d. at 779. Third, if joinder is not feasible, the court must determine whether the party is "indispensable" under Rule 19(b), that is, whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. Rule Civ. Proc. 19(b).

"The inquiry is a practical one and fact specific…and is designed to avoid the harsh results of rigid application." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). A party moving to dismiss for failure to join a party under Rule 19 bears the burden of demonstrating that dismissal or joinder is appropriate. *Id*. The court may consider evidence outside of the pleadings. See *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960).

As described below: meaningful relief among existing parties can be accorded under Rule 19(a)(1)(a); the non-party has not claimed any legally protected interest and is therefore unnecessary under Rule 19(a)(1)(B); it is not feasible to add the time-barred non-party under Rule 19(b), and; it is not consistent with justice to dismiss Plaintiffs' action.

## III. ARGUMENT

### A. Complete Relief Under Rule 19(a)(1)(A)

Rule 19(a)(1)(A) provides that a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "Complete relief refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *United States v. County of Arlington*, 669 F.2d 925, 929 (4th Cir. 1982). In conducting a Rule 19(a)(1)(A) analysis, courts ask whether the absence of the nonparty party would preclude the court from fashioning meaningful relief as between the parties. *Northrop Corp. v. McDonnel Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). This prong only concerns current parties to the action. *Disabled Rights Action Comm. v. Law Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004).

Defendants argue that they can only obtain complete relief if all heirs are joined, including Jamie Angel Gonzalez, Jr. To make this argument, Defendants cite to California state statutes and caselaw for the proposition that all decedent's heirs must proceed in a single wrongful death action. *See* Dkt. No. 71 at 6. However, California state law limiting multiple actions does not require joinder here, let alone dismissal. In this case, the mother for Jamie Angel Gonzalez, Jr. ("the third heir") has expressly waived the opportunity to bring a claim, having stated that she will "not move forward with the lawyer stuff I wish you all the best with it. But I'm let it rest with Angel. I just need to go with my gut and I don't want to go back and open that door." *See* Exhibit A, text.

More important, in practical terms, complete relief among existing parties can be accorded because the third heir is already time-barred from bringing state and federal claims. The incident that led to the death of Jamie Angel Gonzalez that precipitated this case occurred on December 28, 2022. Plaintiffs filed a "Claim for Damages" pursuant to California Government Code Section 910, but Jamie Angel Gonzalez, Jr. did not. A claim relating to a cause of action for death or for injury against a governmental entity shall be presented no later than six months after the accrual of the cause of action. *See* Cal. Gov't Code § 911.2. The time to present the claims in order to pursue state causes of action has

4

therefore already passed. Similarly, the time to bring federal claims has passed. Section 1983 does not specify how long a plaintiff has to file a suit, but rather, 42 U.S.C. § 1988 instructs courts to look to the most analogous state statute of limitations. Under California law, the statute of limitations for personal injury or death actions is two years. Cal. Code Civ. Proc. § 335.1. As the death of Mr. Gonzalez occurred on December 28, 2022, well over two years have passed and any other additional plaintiff's claims are time-barred.

## B. Not Feasible Under Rule 19(a)(1)(B)

A non-party is to be joined under Rule 19(a)(1)(B) if "that person claims an interest relating to the subject of the action is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1081 (9th Cir. 2010); see Fed. R. Civ. P 19(A)(1)(B).

### 1. The Absent Party Has Not Claimed a Legally Protected Interest

The Ninth Circuit has ruled that joinder is contingent "upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action. *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (emphasis in original) (quoting *Northrop Corp.*, 705 F.2d at 1043). A district court does not err in holding that joinder is "unnecessary" when a non-party "chose not to claim an interest." *Id.*; see also *United States ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994)(holding that it is inappropriate for a party to attempt to champion an absent party's interest when the absent party "did not feel that it was necessarily in his interest to remain a party in this action").

In this case, Jamie Angel Gonzalez, Jr., through his mother, Stephanie Rodriguez, has chosen to not claim an interest in this lawsuit. This is not a passive choice. Despite being put on notice that this lawsuit has been filed, Stephanie Rodriguez has chosen to "not move forward with the lawyer stuff." *See* Exhibit A. "I don't want to go back and

5

1 open that door." *Id.* Additionally, Ms. Rodriguez has not responded to all of the emails, calls from text messages from Plaintiff's counsel. *See* Erin Darling, ¶ 2. As an absent party has refused to make a claim to legally protected interest, joinder here is unnecessary.

**2. The Absent Party's Interests Are Adequately Represented**

Under Rule 19(a)(1)(B)(i), an absent party with an interest in the action is not a necessary party under Rule 19(a) "if the absent party is adequately represented in the suit." *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012)(quoting *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992)). Courts consider three factors in determining whether an existing party adequately represents the interests of an absent party: (1) "whether the interests of a present party to the suit are such that it will undoubtedly make all of the absent party's arguments"; (2) "whether the party is capable of and willing to make such arguments"; and (3) whether the absent party would offer any necessary element to the proceedings that the present parties would neglect." *Id.*

Here, Plaintiffs can adequately represent the interests of the absent party (who does not want to be part of the lawsuit) as those interests are identical and not divergent for purposes of establishing liability. Second, there is no reason to believe Plaintiffs cannot or will not make any reasonable argument that the third heir would make it if were a party. As a potential plaintiff the third heir has no actual (or potential) conflict as to obtaining liability against defendants. Third, and related to the second, there is no indication that the Decedent's third child would offer any necessary element to the action that Plaintiffs would neglect. The opposite is the case, Plaintiffs' interest in establishing liability against all defendants means the potential for prejudice is non-existent for purposes of establishing liability. If Plaintiffs adequately represent the third heir's interest to establish liability (putting aside the fact that Jamie Angel Gonzalez, Jr. claims are time-barred and that the his mother and guardian has affirmatively rejected the opportunity to pursue claims) then it would be an error to hold this absent party a necessary party under Rule 19(a)(1)(B)(i).

6

**C.    Not Feasible to Join Pursuant to Rule 19(b)**

If a required party under Rule 19(a) cannot be joined as a plaintiff or a defendant, we look to the factors provided in Rule 19(b) to determine whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. Rule Civ. Proc. 19(b). These factors include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>   (A) protective provisions in the judgment;
>   (B) shaping the relief; or
>   (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. Rule Civ. Proc. 19(b).

Rule 19(b) permits courts to consider indispensability on a case-by-case basis taking into account such factors as prejudice and adequacy of remedy if action is dismissed. *Harrell & Summer Contracting Co., v. Peabody Peterson Co.*, 415 F.Supp. 573, 575 (N.D. Fla. 1976). A court's Rule 19 analysis "is designed to avoid the harsh results of rigid application." *Makah Indian Tribe*, 910 F.2d at 558.

The "equity and good conscience" considerations in this case cut against joinder and dismissal. In most cases, the non-party is a defendant and not a potential plaintiff, and a would-be party is "indispensable" on equity grounds in order to gain potential relief, not just foreclose additional litigation. Here, Plaintiffs would not have an adequate remedy under Rule 19(b) if the suit were to be dismissed for nonjoinder. In that scenario, the only remedy would be to start new suit in state court, which would be barred by the statute of limitations. See *Charron v. Meaux*, 60 F.R. D. 619, 623 (S.D.N.Y. 1973) (ruling that defendant is not an indispensable party and a suit can proceed without him). Besides the equity considerations that cut in Plaintiffs' favor, and the Rule 19(a)(1) analysis that the absent party here has made no claim, Rule 19(b) factors also point in favor of Plaintiffs.

7

1 Prejudice, the **first factor** "largely duplicates the consideration that made a party
2 necessary under Rule 19(A). *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d. 1015, 1025 (9th
3 Cir. 2002). A judgment for Plaintiffs would not prejudice the absent party. Were Plaintiffs
4 to lose on all of their causes of action, the absent party would not be prejudiced as they
5 could still pursue his claims; if anything, Defendants argument is that they could face a
6 separate lawsuit from the absent heir if they are not joined. However, in practical terms, as
7 a suit against a government entity and its employee is subject to a statute of limitations,
8 Defendants are protected from any prejudice associated with a potential later lawsuit.
9 Regarding the **second factor**, any prejudice to the non-party for not joining the lawsuit
10 has already happened, while any prejudice to Defendants is ameliorated by the statute of
11 limitations having run on both state and federal claims. The **third factor** seems neutral, as
12 a judgment rendered in the third heir's absence would not preclude him (or his guardian)
13 from pursuing claims, outside of statute of limitations issues. As to the **fourth factor**, the
14 potential for prejudice most affects Plaintiffs, rather than Defendants. For current
Plaintiffs, no alternative forum exists to bring state and federal claims in the event that the
15 non-party is time-barred to bring state and federal claims and federal court doors are
16 closed. In comparison, the prejudice that Defendants complain of is merely facing an
17 additional lawsuit. As no alternative forum exists, the court should be "extra cautious"
18 before dismissal. *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d
19 1150, 1162 (9th Cir. 2002)(quoting *Makah*, 910 F.2d at 560).

20 **D.    This Action Should Proceed and Not Be Dismissed**

21 The Supreme Court has held that Rule 19 instructs that "nonjoinder even of a
22 required person does not always result in dismissal." *Philippines v. Pimentel*, 553 U.S. 851,
23 862 (2008). "If no alternative forum exists, [a] district court should be 'extra cautious'
24 before dismissing an action." *Kescoli v. Babbitt*, 101 F.3d. 1304, 1311 (9th Cir. 1996). "As a
25 general principle it is the policy of Rule 19 to avoid dismissal of actions whenever possible,
26 consistent with justice." *International Union of Operating Engineers v. Irmscher & Sons, Inc.*, 63
27 F.R.D. 394, 397 (N.D. Ind. 1973) (citing *Bourdeiu v. Pacific Western Oil Co.*, 299 U.S. 65,

8

rehearing denied 299 U.S. 622 (1936)). "Thus, where it is possible to join an absent party, dismissal is not the proper remedy." *Id.* While many of the factors outlined in Rule 19(b) overlap with considerations analyzed under Rule 19(b), under the latter "there is the additional consideration of whether such a judgment may prejudice the plaintiff." *First Nat'l Montana Bank v. Federal Leasing, Inc.*, 110 F.R.D. 675, 678 (D. Mont. 1986). Courts have allowed an action to continue in absence of parties having material interest where plaintiff does not have alternative forum in which all interested parties can be joined in one action. See e.g., *Imperial Appliance Corp. v. Hamilton Mfg. Co.*, 263 F.Supp. 1015 (E.D. Wisc. 1967).

As defendants contend, California wrongful death statute requires joinder. If that argument holds, if Plaintiffs are unable to join the other heir in this current federal lawsuit, and the other heir is time-barred under California state law, then Plaintiffs' California wrongful death claim would be barred and they could not seek an adequate remedy. Moreover, if Plaintiffs were to proceed in state court with no state wrongful death claim (again, based on Defendants' assertion that state law wrongful death action can only proceed with all parties) and the third heir is time-barred, then there would be no valid state claim and any federal claims in state court would just be removed back to federal court. In this context a dismissal would prejudice Plaintiffs' claims and foreclose a realistic avenue for pursuing their serious claims.

An additional consideration to avoid dismissal is the existence of a "public rights exception," when plaintiff seeks to vindicate a public and not just private right. *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996). In this case, Plaintiffs assert multiple *Monell* claims against the entity defendants for failing to insure the safety of inmates and arrestees and for maintaining a policy of inaction. *See* Dkt. No. 59, Third Amended Complaint, ¶¶ 26-36. Repeated deaths of inmates in Santa Barbara custody, on the basis of a policy of inaction, clearly implicates public rights. Indeed, Plaintiffs' operative complaint references a public "Remedial Plan" entered into by the County of Santa Barbara as part of a stipulated judgment to resolve a federal civil rights class action. *Id.* at ¶ 11.

9

Last, this litigation does not "destroy the legal entitlements of the absent parties." *Conner v. Burford*, 848 F.2d 1441, 1459 (9th Cir. 1988). This is the case here, as Defendants concede there would be no preclusive effect from Plaintiffs' claims on the non-party's potential claims.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Join Heir Pursuant to Rule 19 should be denied and Plaintiffs should be permitted to continue to seek relief that they have actively and timely pursued.

Respectfully submitted,

Dated:  October 17, 2025

LAW OFFICES OF ERIN DARLING

By: _____*/s/ Erin Darling*_____
    Erin Darling,
    Attorney for Plaintiffs

# DECLARATION OF ERIN DARLING

I, Erin Darling, hereby declare as follows:

1. I am an attorney permitted to practice in the Central District of California, and I represent plaintiffs Tawny Gonzalez, an individual, Sandra Escobedo, as Guardian ad Litem for J.L.G., a minor, and T.J.T., a minor, and the Estate of Jaime Angel Gonzalez. in the above-entitled action.

2. I learned that Decedent Jaime Angel Gonzalez had a child with a different woman, and that the mother is named Stephanie Rodriguez. After identifying these individuals in discovery, I attempted to contact Ms. Rodriguez. On July 28, 2025, and September 9, 2025, I called and texted Ms. Rodriguez and heard no response. Iemailed Stephanie Rodriguez on July 29, 2025, and on September 9, 2025, and received no response. On October 7, 2025, plaintiff Tawny Gonzalez spoke to Ms. Rodriguez about the lawsuit and that same day I emailed Ms. Rodriguez again but received no response. Ms. Gonzalez followed up with Ms. Rodriguez via text message.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed in Los Angeles on October 17, 2025, the day the Dodgers won the Pennant.

                                              */s/ Erin Darling*
                                              ERIN DARLING

# DECLARATION OF TAWNY GONZALEZ

I, Tawny Gonzalez, declare as follows:

1. I am over the age of 18 years. I have personal knowledge of the facts contained in this declaration, and if called as a witness I could and would testify to the truth of the facts stated herein.

2. I am the wife of Jamie Gonzalez ("the Decedent"), who died on December 28, 2022, in Santa Barbara County, California. Jamie Gonzalez and I had two children, minors J.L.G. (DOB 5/31/2014) and T.J.G. (DOB 4/15/2015). I am not the mother of Jaime Angel Gonzalez, Jr., who is approximately fourteen years old. He lies with is mother, Stephanie Rodriguez, in Visalia, California. I have Ms. Rodriguez's phone number and email address but not her home or mailing address. I reached out to Ms. Rodriguez to join this lawsuit in July 2025. Things are heavy between us because we our children have the same father and he has passed away, but we are not close.

3. I was able to speak to Ms. Rodriguez briefly in August 2025 and ask her to join the lawsuit and she said she needed to think about it. I reached out to Ms. Rodriguez again in September 2025 and was not able to speak to her, but we did exchange text messages. On October 7, 2025, Ms. Rodriguez texted me to say she was not interested in joining this lawsuit. In her text she said, "Okay I'm go ahead and not move forward with the lawyer stuff I wish you all the best with it. But I'm let it rest with Angel. I just need to go with my gut and I don't want to go back and open that door." A true and correct certified copy of the text message is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration was executed on October 17, 2025, in ___ County, California.

*[Signature]*
TAWNY GONZALEZ

1

# Exhibit A

10:24

< 88    **SR**    

Stephanie >

> I never went down after all. Didn't get ahold of Jenn and this month I'm tight on money to go

> Felt like I had gotten Covid but I know I didn't my whole body was hurting I've had headaches and stomach issues

> Hope you're feeling better ! And I get that I'm trying really hard to get my stuff together . So hopefully soon if you can't come down i can probably send you them. Maybe I can cover them then after I send them you can just pay me back. If that's easier .

> I really should have done that a lot earlier you hardly come down

> Okay I'm go ahead and not move forward with the lawyer stuff I wish you all the best with it. But I'm let it rest with Angel. I just need to go with my gut and I don't want to go back and open that door.

> I feel you and I respect that. To be

iMessage